# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TIMOTHY HATCHETT      *

    Plaintiff      *

    v      *      Civil Action No. DKC-13-2645

WARDEN      *

    Defendant      *
    ***

## MEMORANDUM OPINION

The above-captioned case was filed on September 11, 2013. Plaintiff did not pay the filing fee, nor did he file a Motion to Proceed in Forma Pauperis. Because the case must be dismissed, he will not be required to correct the deficiency.

Plaintiff seeks an injunction against prison officials imposing lockdown conditions as to him because the prison lockdown was not due to anything Plaintiff did personally. Rather, Plaintiff asserts the lockdown was imposed after white officers allegedly armed a white inmate with a kitchen knife, removed his restraints, and allowed him to stab a black inmate who remained restrained during the attack. The inmates were members of rival gangs. Plaintiff asserts that prison officials have created an atmosphere of racial tension within the prison that has resulted in an increase in violence, placing him in fear of his safety and requiring him to live under restrictive conditions while the prison remains on lockdown during an investigation into the matter. ECF No. 1 at pp. 1-3.

To state a civil rights claim, a prisoner must allege that he, himself, sustained a deprivation of right, privilege, or immunity secured by Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977). To demonstrate standing, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct which is likely to

be redressed by the requested relief. *See Allen v. Wright*, 468 U.S. 737, 751 (1984). Petitioner simply has no standing to assert the rights of another inmate who may have suffered harm as the result of a constitutional violation. To the extent the Complaint seeks to redress the alleged wrongs committed against other inmates, it fails to state a cognizable claim.

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991).

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U. S. at 298. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010), quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002). Conduct is not actionable under the Eighth Amendment

2

unless it transgresses bright lines of clearly-established pre-existing law. *See Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003).

Imposition of lockdown conditions following violent attacks on prisoners and officers fall within the ambit of restrictive conditions which are constitutionally permissible. Plaintiff's inability to participate in recreation or to take showers more than once every week, while harsh, are not conditions that amount to cruel and unusual punishment, particularly where there is no resultant injury alleged. Indeed, prison officials would be remiss in their responsibilities to investigate and address the incidents as described by Plaintiff if lockdown conditions were not put into place in their wake. A separate Order dismissing the Complaint follows.

| | |
|---|---|
| \_\_September 16, 2013\_\_ <br> Date | _____/s/_____ <br> DEBORAH K. CHASANOW <br> United States District Judge |